UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Hartford Fire Insurance Co.,

    Plaintiff,

v.

**MEMORANDUM OPINION
AND ORDER**
Civil No. 13-723 ADM/FLN

Retail Management Solutions, LLC,

    Defendant.

_____

Charles Spevacek, Esq., Meagher & Geer, PLLP, Minneapolis, MN, on behalf of Plaintiff.

Jason Lien, Esq., Maslon Edelman Borman & Brand, LLP, Minneapolis, MN, on behalf of Defendant.

_____

## I. INTRODUCTION

On August 22, 2014, this matter came before the undersigned United States District Judge for oral argument on Defendant Retail Management Solutions' ("RMS") Motion to Dismiss or Transfer [Docket No. 18] and Plaintiff Hartford Fire Insurance Co.'s ("Hartford") Motion for a Permanent Injunction [Docket No. 24]. For the reasons discussed below, RMS's Motion to Dismiss or Transfer is granted in part and denied in part and Hartford's Motion for a Permanent Injunction is denied.

## II. BACKGROUND

This insurance coverage dispute arises from Hartford's denial of coverage to RMS under a Technology Errors and Omissions Liability Insurance policy ("Policy"). In 2011, RMS sold a license to Park Nicollet Health Services in Minnesota for use of a computer software system in Park Nicollet pharmacies. An apparent glitch in the system allowed credit card expiration dates

to appear on receipts when customers used their credit cards at Park Nicollet pharmacies. In September 2012, a putative class action was filed in the District of Minnesota alleging this glitch was a violation of the Fair and Accurate Credit Transactions Act. The class action settled in September 2013. Prior to settlement, Park Nicollet tendered its defense to RMS and, in turn, RMS sought indemnification from Hartford under the Policy.

### A. The Parties and Policy

Hartford is a Connecticut corporation with more than 100 offices throughout the United States, including one in Washington State. RMS, a 26-employee company based in Washington, provides services throughout the country. Neither party claims a connection to Minnesota beyond the Park Nicollet lawsuit.

Hartford issued the Policy to RMS effective January 1, 2012 to January 1, 2013. Hayes Decl. [Docket No. 23] ¶ 3. The Policy was negotiated in Washington through a Washington insurance agent and delivered to RMS in Washington.

### B. Procedural History

In January 2013, Hartford sent RMS a letter denying coverage on the basis that the alleged glitch occurred prior to the January 2012 policy period start date. In early February 2013, RMS sent Hartford a letter requesting reconsideration of their coverage position. If Hartford refused to further discuss the matter, RMS indicated it "intend[ed] to sue Hartford in the United States District Court for the Western District of Washington, for among other things, breach of contract and violation of RCW 48.30.015."[1] Hayes Decl., Ex. B at 37. Hartford declined to participate in global settlement talks and filed this lawsuit seeking declaratory relief

---

[1] RCW 48.30.015(8)(a) refers to Washington's Insurance Fair Conduct Act ("IFCA"), which requires a 20-day written notice prior to filing suit.

on March 29, 2013.  Three days later, RMS sued Hartford in the Western District of Washington for declaratory relief, breach of contract, bad faith and violation of Washington's Insurance Fair Conduct Act ("IFCA").  See Retail Mgmt. Solutions, L.L.C. v. Hartford Fire Ins. Co., Civil No. 13-5246, Docket No. 1, (W.D. Wash.).  Both lawsuits were stayed during the pendency of settlement negotiations in the Park Nicollet action.  The stays were lifted at the end of May 2014, upon entry of judgment based on a settlement agreement in the Park Nicollet case.  RMS filed its Motion to Dismiss or Transfer on June 23, 2014, and Hartford filed its Motion for a Permanent Injunction on July 11, 2014.

Meanwhile, on March 30, 2014, Hartford filed a Motion to Dismiss, or in the alterative, to Stay the action filed by RMS in Washington.  Id., Docket No. 26.  On September 10, 2014, the Honorable Ronald B. Leighton, United States District Court Judge in the Western District of Washington, issued an Order denying Hartford's Motion to Dismiss and granting Hartford's motion to stay pending the outcome of this action.  Id., 2014 U.S. Dist. LEXIS 126871 (W.D. Wash. Sept. 10, 2014).

### III.  DISCUSSION

A district court may transfer any civil action to any other district "[f]or the convenience of parties and witnesses, in the interest of justice . . . ." 28 U.S.C. Section 1404.  For the following reasons, transfer of this lawsuit to the Western District of Washington—to be consolidated with Case No. 13-0546—is most convenient for the parties and best serves the interests of justice.[2]

---

[2] The parties agree that convenience for witnesses is a neutral factor because this insurance coverage dispute will likely be decided on summary judgment, obviating the need for witnesses.

### A.   Convenience for the parties

RMS argues that litigating this dispute in Washington is more convenient for its staff because RMS's principal place of business is in Washington. RMS further argues that the inconvenience of travel to Minnesota versus Washington is negligible for Hartford. Hartford counters that the distance from Connecticut to Washington makes it less convenient than Minnesota.

Litigating this matter in Washington is clearly more convenient for RMS because its 26-person staff is based there. And, although Washington is further than Minnesota from Connecticut, Hartford will have to travel some distance regardless of whether the matter is litigated in Minnesota or Washington. Thus, the convenience factor weighs slightly in favor of litigating in Washington, where Hartford does have an office.

### B.   Interests of justice

The interests of justice is the most important Section 1404(a) factor. Radisson Hotels Int'l v. Westin Hotel Co., 931 F. Supp. 638, 641 (D. Minn. 1996). When considering transfer of a lawsuit to another district in the interest of justice, courts consider the following:

> (1) judicial economy, (2) the plaintiff's choice of forum, (3) the comparative costs to the parties of litigating in each forum, (4) each party's ability to enforce a judgment, (5) obstacles to a fair trial, (6) conflict of laws issues, and (7) the advantages of having a local court determine questions of law.

Terra Int'l, Inc. v. Miss. Chem. Corp., 119 F.3d 688, 696 (8th Cir. 1997). "Courts have not, however, limited a district court's evaluation of a transfer motion to these enumerated factors." Id. Rather, district courts may consider other non-enumerated, case-specific factors when considering transfer under 1404(a). See Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988).

In this case, the parties agree that enumerated factors four and five (ability to enforce a judgment and obstacles to a fair trial) are not relevant. Judicial economy, Plaintiff's choice of forum, and controlling law will be discussed in turn.[3]

### 1. Judicial Economy

"To permit a situation in which two cases involving precisely the same issues are simultaneously pending in different District Courts leads to wastefulness of time, energy and money that § 1404(a) was designed to prevent." Cont'l Grain Co. v. Barge FBL-585, 364 U.S. 19, 26 (1960). Although filed by opposing parties, there is no dispute that the action before this Court and the action before the Washington court address the same issue: namely, whether Hartford wrongfully denied coverage to RMS under the Policy. Judicial economy is clearly furthered by consolidating the nearly identical lawsuits currently pending before this Court and the Western District of Washington. See Farm Boy Co-Op & Feed Co., LLC v. Red River Clothing, Inc., Case No. 09-2936, 2010 U.S. Dist. LEXIS 23082, *7 (D. Minn. Mar. 12, 2010) ("Courts have thus granted transfers to districts where related actions are already pending to permit cases to be consolidated into one proceeding."). The decisive question in this case, as discussed below, is whether Hartford's decision to file suit in this district deserves deference.

### 2. Plaintiff's Choice of Forum

Hartford argues that a plaintiff's choice of forum is generally given "considerable deference." See Terra Int'l, 119 F.3d at 695. RMS argues that a plaintiff's choice of forum is only one consideration among many, and that in this case, Hartford filed suit in Minnesota to

---

[3] Comparative costs to the parties will not be addressed in this section because the convenience to the parties analysis bears directly on the issue of cost to the parties. As discussed above, although Washington is further than Minnesota from Connecticut, the overall travel costs to the parties collectively should be reduced by litigating this matter in Washington.

avoid treble damages allowed by the IFCA in Washington.

Deference to a plaintiff's chosen forum is tempered when the forum selected is not plaintiff's residence. Merrick Bank Corp. v. Savvis, Inc., Case No. 08-00674, 2008 U.S. Dist. LEXIS 99403, *12 (E.D. Mo. December 8, 2008) (citations omitted). Hartford, a Connecticut corporation, does not contend it should be considered a Minnesota resident. Hartford relies only on the settled Park Nicollet lawsuit as justification for bringing this lawsuit in Minnesota. Thus, deference to Hartford's choice of forum is diminished in light of its non-resident status in Minnesota.

Deference to a plaintiff's choice of forum is also negated by impermissible forum shopping. Id. (citing Clayton v. Warlick, 232 F.2d 699, 706 (4th Cir. 1956) ("We have no sympathy with shopping around for forums.")). In this case, Hartford was put on notice of RMS's intent to bring suit in Washington—and the claims to be included in that suit—by early February 2013. Hayes Decl., Ex. B at 37. At the end of March, while settlement negotiations in the Park Nicollet lawsuit were ongoing, Hartford filed suit in this District. RMS notes that Washington's IFCA statute allows for treble damages and suggests that Hartford filed suit in Minnesota to avoid application of the IFCA. Hartford does not deny trying to avoid treble damages, but rather argues the first-to-file rule demands this case be litigated in Minnesota.[4] Hartford's decision to file suit in Minnesota to avoid treble damages is understandable and not without basis given the underlying class action lawsuit, but it does not compel deference to its

---

[4] The first-to-file rule allows district courts to decline hearing a case if it raises issues that substantially duplicate those raised by a case already pending in another court. See Ritchie Capital Mgmt., L.L.C. v. Jeffries, 653 F.3d 755, 764, n.3 (8th Cir. 2011) (citations omitted). However, forum shopping and other wrongful conduct are exceptions to the first-to-file rule. See Cardiac Sci., Inc. v. Koninklijke Philips Elecs. N.V., Case No. 03-1064, 2003 U.S. Dist. LEXIS 16881, *6 (D. Minn. Sept. 20, 2003).

choice of forum.

### 3. Controlling Law

Finally, RMS explains at length why Washington law should apply to this insurance dispute. Hartford does not dispute that Washington law applies, but argues that this Court is capable of applying another state's law. Although it is true that district courts throughout the country routinely deal with cases that require application of another state's law, "[t]he state of Washington has a strong interest in protecting insureds who must resort to litigation to establish coverage." Tilden-Coil Constructors, Inc. v. Landmark Am. Ins. Co., 721 F. Supp. 2d 1007, 1015 (W.D. Wash. 2010). Notably, the District Court in Washington did not grant Hartford's motion to dismiss, but rather acknowledged that at least two exceptions to the first-to-file rule potentially apply and thus stayed the action pending this order. Retail Mgmt. Solutions, L.L.C. v. Hartford Fire Ins. Co. 2014 U.S. Dist. LEXIS 126871, *2 (W.D. Wash. Sept. 10, 2014). For these reasons, the controlling law factor also weighs in favor of this case being litigated in Washington State.

### IV. CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendant Retail Management Solutions' Motion to Dismiss or Transfer [Docket No. 18] is **GRANTED in part** and **DENIED in part** as follows:

    A. To the extent Retail Management Solutions moves to transfer this case to the Western District of Washington to be consolidated with Case. No. 13-05246, the motion is **GRANTED**.

    B. To the extent Retail Management Solutions moves to dismiss this case, the motion is **DENIED**.

    2.      Plaintiff Hartford's Motion for a Permanent Injunction [Docket No. 24] is **DENIED**.

BY THE COURT:

        s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated: September 22, 2014.